## STORMER v. HENZIE ET AL.

PRACTICE IN THE SUPREME COURT: APPEAL: CERTIFICATE.

*Appeal from Muscatine Circuit Court.*

WEDNESDAY, DECEMBER 10.

THE petition shows that the plaintiff purchased of the defendant Henzie eighty acres of land, and received from him a deed of the same with cov-

enants of warranty; that the land was apparently subject to a deed of trust executed in 1859, and given to secure a note for $568, due September 9, 1860; that the collection of the note had become barred by the statute of limitations, but that the deed of trust remained a cloud upon the plaintiff's title. The petition further states that the plaintiff had demanded in writing of the defendant Henzie that he should cause the apparent incumbrance and cloud to be removed, but that he had failed to do so, and that the plaintiff had been obliged to procure the services of an attorney for that purpose. What persons besides Henzie, if any, were made defendants, does not appear. But the plaintiff prays that this deed of trust be canceled, and also judgment for attorney's fees against Henzie. The defendant Henzie demurred to the petition upon six different grounds, and the demurrer was sustained, and judgment rendered against the plaintiff for costs. He appeals.

*C. G. Carstens*, for appellant.

*J. Carskaddan*, for appellee.

ADAMS, J.—The case is certified to this court as being one in which the amount in controversy is less than one hundred dollars, and involving a question of law upon which it is desirable to have the opinion of the Supreme Court, but the certificate does not show what the question is. Under the rules of court and repeated decisions the certificate must be regarded as insufficient.

APPEAL DISMISSED.